UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA DIANE OTTS,

                            Plaintiff,

                                                          Case # 15-CV-6731-FPG

v.

                                                          DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

        Linda Diane Otts ("Otts" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g), 1383(c)(3).

        Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 10, 11. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

        On October 25, 2012, Otts applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 156-63. She alleged that she had been disabled since July 1, 2012, due to bipolar, depressive, panic, and anxiety disorders, and deafness in her right ear. Tr. 194. After her applications were denied at the initial administrative level, a hearing was held via

---

[1]     References to "Tr." are to the administrative record in this matter.

videoconference before Administrative Law Judge F. Patrick Flanagan ("the ALJ") on March 24, 2014, in which the ALJ considered Otts's application *de novo*. Tr. 25-37. Otts did not appear at the hearing, but her attorney did. Tr. 10, 25-37. Linda N. Vause, a vocational expert ("VE"), also appeared and testified. Tr. 30-35. On August 8, 2014, the ALJ issued a decision finding that Otts was not disabled within the meaning of the Act. Tr. 10-19. On October 13, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Otts's request for review. Tr. 1-6. Thereafter, Otts commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must

present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's decision analyzed Otts's claim for benefits under the process described above. At step one, the ALJ found that Otts had not engaged in substantial gainful activity since the alleged onset date. Tr. 12. At step two, the ALJ found that Otts has the following severe impairments: right shoulder dysfunction, chronic obstructive pulmonary disease ("COPD"), and bipolar disorder. Tr. 12-13. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 13-15.

Next, the ALJ determined that Otts retained the RFC to perform light work[2] with additional limitations. Tr. 15-17. Specifically, the ALJ found that Otts can lift and carry up to 20 pounds occasionally and 10 pounds frequently; can sit, stand, and walk for six hours in an eight-hour workday; can occasionally perform lateral reaching; and must avoid concentrated exposure to fumes, dust, odors, gasses, and poor ventilation. Tr. 15. The ALJ also determined that Otts can understand and remember simple one-to-two step instructions; can maintain attention and concentration to carry out simple, but not complex, tasks; can handle only infrequent changes in routine; can occasionally make decisions; must avoid frequent interaction

---

[2]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

with coworkers, supervisors, and the public; and can perform low stress work (meaning work that does not require her to be responsible for the safety of others, engage in negotiation, deal with confrontation, or engage in fast-paced production line work). *Id.*

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Otts from performing her past relevant work as a store cashier and general clerk/secretary. Tr. 17. At step five, the ALJ relied on the VE's testimony and found that Otts can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 18. Specifically, the VE testified that Otts could work as a cleaner/polisher, advertising material distributor, and routine clerk. *Id.* Accordingly, the ALJ concluded that Otts was not "disabled" under the Act. Tr. 19.

## II.   Analysis

Otts argues that remand is required because the RFC determination is not supported by substantial evidence.[3] ECF No. 10, at 21-24. Specifically, Otts contends that the physical limitations in the RFC assessment are not supported by the opinion of consultative examiner Look Persaud, M.D. ("Dr. Persaud"), which was the only physical medical opinion of record. *Id.*

It is well established that an ALJ cannot substitute his or her own judgment for a competent medical opinion. *See, e.g.*, *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) ("The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion."). Unless a treating source's opinion is given controlling weight, the ALJ must consider the following factors when he or she weighs a medical opinion: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship;

---

[3]   Otts advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 10, at 15-20. However, because this Court disposes of this matter based on the improper RFC determination, those arguments need not be reached.

5

(3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Here, the ALJ's decision discusses the physical evidence of record in two paragraphs. Tr. 16. First, the ALJ summarizes the objective findings from Dr. Persaud's treatment notes. *Id.* The ALJ noted that Otts had a normal gait and stance, was able to squat two-thirds of the way down, and could rise from a chair without difficulty, change for the examination, and get on and off the examination table. *Id.* (citing Tr. 319-24). The ALJ also noted that Otts demonstrated limited painful range of motion of her right shoulder, but her range of motion was otherwise unlimited and she showed full strength and normal reflexes of the upper and lower extremities with no noted sensory deficit. *Id.*

Next, the ALJ summarized Dr. Persaud's medical opinion that Otts is not restricted in sitting, standing, and walking on even surfaces; not restricted in walking on uneven terrain or up inclines, ramps, and stairs; mildly restricted in squatting, kneeling, and crawling; not restricted in bending, twisting, and turning, or reaching overhead and in all other planes with the left upper extremity; moderately restricted in lifting overhead and in all other planes except for adduction with the right upper extremity; not restricted in fine motor activities with the hands; moderately-to-markedly restricted in lifting, carrying, pushing, and pulling; not restricted in speaking and seeing; moderately restricted for hearing on the right, but not restricted in hearing on the left; and not restricted in traveling via public transportation. Tr. 16 (citing Tr. 323-24). The ALJ gave Dr. Persaud's opinion "some weight" because "it was rendered after a thorough examination by a physician with extensive program and professional expertise." Tr. 16.

6

Despite Dr. Persaud's opinion that Otts had a "moderate to marked" restriction for lifting, carrying, pushing, and pulling (Tr. 323), the ALJ determined, without explanation, that Otts can lift and carry up to 20 pounds occasionally and 10 pounds frequently without pushing or pulling restrictions (Tr. 15).  A claimant is not necessarily rendered disabled simply because he or she has moderate physical limitations.  *Toomey v. Colvin*, No. 15-CV-730-FPG, 2016 WL 3766426, at *4 (W.D.N.Y. July 11, 2016) (citing *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014)).  Under these circumstances, however, the ALJ must "discuss and provide reasons tending to support the finding that, despite the moderate limitations . . . [the claimant] could still perform light work."  *Carroll*, 2014 WL 2945797, at *4 (citation omitted) (remanding for a more thorough analysis of the opinion evidence of record); *see also Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence.").  Here, the ALJ did not explain how Otts could perform light work despite the fact that Dr. Persaud opined that she had a "moderate to marked" restriction for lifting, carrying, pushing, and pulling.

The ALJ also limited Otts to only "occasional lateral reaching," even though Dr. Persaud imposed specific reaching and overhead lifting limitations with respect to Otts's right upper extremity.  Tr. 323.  Furthermore, Dr. Persaud opined that Otts is moderately restricted in hearing in her right ear (Tr. 323), but the ALJ's decision does not discuss Otts's ability to hear and the RFC assessment lacks any hearing limitations (Tr. 15).

It is unclear to this Court how the ALJ, who is not a medical professional, determined that Otts retained the physical RFC described above.  The ALJ afforded "some weight" to Dr.

Persaud's opinion—the only physical opinion of record—but then ignored many of the work-related limitations that Dr. Persaud imposed. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.") (citations omitted). The ALJ failed to explain which portions of Dr. Persaud's opinion were deserving of "some weight" and why. This was improper because the ALJ's "failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988) (internal quotation marks and citation omitted).

Because the ALJ failed to reconcile his RFC determination with the only physical medical opinion of record, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence. Accordingly, remand is required.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 11, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court